UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KELLY DUDA**<br>735 North Sweetzer Ave. Suite 302<br>West Hollywood, California 90069<br><br>   Plaintiff,<br><br>  v.<br><br>**NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION**<br>8601 Adelphi Road<br>College Park, MD 20740<br><br>   Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Kelly Duda ("Plaintiff" or "Duda"), by and through his undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief against the National Archives and Records Administration ("Defendant" or "NARA"). Defendant has unlawfully withheld agency records requested by Plaintiff pursuant to FOIA.

## PARTIES

2. Plaintiff Kelly Duda is a journalist and documentary filmmaker. He resides in California.

3. Defendant National Archives and Records Administration is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of records that Plaintiff seeks.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Plaintiff's First Request

6. On April 29, 2020, Plaintiff submitted a FOIA request to NARA via email (the "First Request"). A true and correct copy of the First Request is attached hereto as Exhibit A, and is incorporated by reference.

7. The First Request sought a copy of a file called "Tainted Blood/Cummins Prison, Arkansas" from the files of the Records of Independent Counsel Kenneth[1] Starr, Robert Ray, and Julie Thomas. Ex. A. The First Request provided further information regarding the location of the sought-after records from the NARA's District of Columbia Office manifest.

8. In the First Request Plaintiff set forth facts and argument as to his status as a representative of the news media and entitlement to a public interest fee waiver.

9. By email dated September 4, 2020, NARA acknowledged receipt of the First Request and assigned it "FOIA tracking number 64143, interim tracking number RF-032" (the "First Request Acknowledgement").

10. In the First Request Acknowledgement, NARA further stated that the file sought by the First Request contains approximately 100 pages.

11. In the First Request Acknowledgement, NARA further stated that it estimated "it will take 39 months to complete processing" of the First Request.

---

[1] The First Request contains a typographical error identifying Kenneth Starr as "Kennedy Starr." Ex. A.

12. As of the date of this Complaint, it has been approximately 148 business days and 216 calendar days since the First Request was submitted to NARA.

13. As of the date of this Complaint, Plaintiff has received no further communication from NARA with respect to the First Request.

14. NARA has not released any records responsive to the First Request, nor cited any FOIA exemption(s) to withhold records or portions thereof responsive to the First Request.

Plaintiff's Second Request

15. On or about October 21, 2020, Plaintiff submitted a second FOIA request to NARA via email (the "Second Request"). A true and correct copy of the Second Request is attached hereto as Exhibit B, and is incorporated by reference.

16. The Second Request sought additional specified files from the Records of Independent Counsel Kenneth Starr, Robert Ray, and Julie Thomas, and provided further information regarding the location those records from NARA's District of Columbia Office manifest and Little Rock Office File manifest. Ex. B.

17. In the Second Request, Plaintiff set forth facts and argument as to his status as a representative of the news media.

18. By email dated October 21, 2020, NARA acknowledged receipt of the Second Request, and assigned it "temporary tracking number RF-360" (the "Second Request Acknowledgement").

19. As of the date of this Complaint, it has been approximately 27 business days and 41 calendar days since the Second Request was submitted to NARA.

20. As of the date of this Complaint, Plaintiff has received no further communication from NARA with respect to the Second Request.

21.     NARA has not released any records responsive to the Second Request, nor cited any FOIA exemption(s) to withhold records or portions thereof responsive to the Second Request.

## CAUSES OF ACTION

### COUNT 1: VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

22.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 21 as though fully set forth herein.

23.     Defendant is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

24.     The First Request and Second Request properly seek records under FOIA that are within the possession, custody, and/or control of Defendant.

25.     The First Request and Second Request complied with all applicable regulations regarding the submission of FOIA requests.

26.     Defendant has failed to make a determination regarding the First Request and Second Request within the statutory deadlines as required by FOIA.  5 U.S.C. § 552(a)(6)(A).

27.     The failure of Defendant to make a determination with respect to the First Request and Second Request within FOIA's statutory deadlines violates its obligations under FOIA.  5 U.S.C. § 552(a)(6)(A).

28.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the First Request and Second Request.  5 U.S.C. § 552(a)(6)(C)(i).

### COUNT II: VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

29.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 21 as though fully set forth herein.

30.     Defendant is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

31. The First Request and Second Request properly seek records under FOIA that are within the possession, custody, and/or control of Defendant.

32. The First Request and Second Request complied with all applicable regulations regarding the submission of FOIA requests.

33. Defendant has not released any records or portions thereof in response to the First Request or Second Request.

34. Defendant has not cited any FOIA exemptions to withhold records or portions thereof that are responsive to the First Request or Second Request.

35. Defendant has not identified how disclosure of each of the records or portions thereof sought by the First Request or Second Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

36. Records responsive to the First Request and Second Request are required to be released under FOIA.

37. Defendant has improperly withheld agency records responsive to the First Request and Second Request, in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

38. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the First Request and Second Request.  5 U.S.C. § 552(a)(6)(C)(i).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1) order Defendant to conduct a search reasonably calculated to identify all records responsive to the First Request and Second Request;

2) enjoin Defendant from withholding all records or portions thereof responsive to the First Request and Second Request that may not be withheld under FOIA;

3) issue a declaration that Plaintiff is entitled to disclosure of the records sought by the First Request and Second Request;

4) issue a declaration that the failure of Defendant to provide a timely determination in response to the First Request and Second Request violates its obligations under FOIA;

5) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6) grant such other relief as the Court may deem just and proper.

Dated: December 2, 2020

Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310